# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES ETHAN MILLS,

    Petitioner,

Case No. 1:96-cv-423

  -vs-

District Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

    Respondent.

---

**REPORT AND RECOMMENDATIONS ON RECOMMITTAL**

---

This matter is before the Court upon District Judge Susan J. Dlott's recommittal to the Magistrate Judge the question whether James Ethan Mills must return to the state courts to prosecute a second or successive request for post-conviction relief in order to exhaust a *Brady* claim that relies on evidence withheld by the State until these habeas corpus proceedings.  (Doc. No. 142.) The question, in other words, is whether Mills must first allow the state courts an opportunity to address the federal constitutional issues inherent in the *Brady* claim, or whether the federal habeas court may do so in the first instance due to the failure of the State to disclose the alleged *Brady* material prior to Mills' move from the state courts to federal court.  The Order provides:

> In particular, the Court instructs the Magistrate Judge to consider Petitioner's argument that the Magistrate Judge's recommendation that Petitioner be required to present his newly-discovered Brady claims to the state court in a second or successive post-conviction petition was incorrect because "[t]he exponentially increased standard for gaining relief on a Brady claim[1] through Ohio's successor post-conviction statute, O.R.C. §2953.23(A)(2), violates Article VI of the

---

[1]The District Court should note that, contrary to the tenor of Petitioner's claim, Ohio Revised Code § 2953.23 does not "discriminate" against *Brady* claims by imposing a higher burden of proof on such claims in successive petitions than on other claims.  Rather, any claim made in a second or successive state post-conviction petition must meet that standard.

>Constitution of the United States because it imposes a standard of review on a federal constitutional claim that is more burdensome than the standard of review established by the Supreme Court of the United States." (Doc. #138 at 6.)

(Order, Doc. No. 142.)

Mills argues that the burden placed on petitioners in a second or successive post-conviction relief petition under the Ohio statutory scheme is unconstitutional because it requires the petitioner to show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." Ohio Rev. Code § 2953.23(A)(2). As noted in the Supplemental Report and Recommendations (Doc. No. 137 at 2), the standard in an initial post-conviction proceeding is the one generally applicable to civil cases, that being a preponderance of the evidence. (Doc. No. 137 at 2.) *See State v. Milanovich*, 42 Ohio St. 2d 46 (1975). Mills argues that the State should not benefit from its improper withholding of evidence by saddling him with a higher burden than he would have had if the evidence had been disclosed in a proper and timely manner. That argument has appeal, but does not suffice to answer the procedural question before the Court, nor does it overcome the "strong presumption in favor of requiring the prisoner to pursue his available state remedies." *Granberry v. Greer*, 481 U.S. 129, 131 (1987).

The exhaustion requirement for claims raised in federal habeas corpus is set forth in 28 U.S.C. § 2254(b), which reads in relevant part as follows:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or

>             (ii) circumstances exist that render such process
>                  ineffective to protect the rights of the applicant.

Thus, under the statute, exhaustion is required unless there is **no** state remedy available, or pursuit of such remedy would be futile. Notwithstanding the higher burden that attaches to successive state post-conviction petitions, Mills admits that there is a remedy for his claim and further admits that it is not futile; he expresses confidence that he will succeed in the state courts if he is required to return there (Objections to Report and Recommendations, Doc. No. 135 at 1-2.). Consequently, neither of the **statutory** exceptions to the exhaustion requirement are applicable to Mills *Brady* claim.

The Supreme Court and Sixth Circuit, however, have delineated important exceptions to the exhaustion doctrine as well.

> In *Granberry v. Greer*, 481 U.S. 129 (1987), the Supreme Court made it clear that the exhaustion doctrine is not jurisdictional. 484 U.S. at 131. Consequently, the courts have discretion to excuse a failure to exhaust state remedies in extraordinary circumstances. One such circumstance is that in which [a] petitioner has failed to raise even a colorable federal claim.[2] In such a case, the policies underlying the exhaustion doctrine would be best served if the district court denied the habeas corpus petition on its merits, even though the state courts have not been given a fair opportunity to pass upon the claims. *Id*. at 135; *see Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991), *cert. denied*, 112 S.Ct. 1299 (1992).
>
> At the other extreme, the court has discretion to ignore unexhausted claims if petitioner has presented a properly exhausted claim that merits habeas relief. *Granberry*, 481 U.S. at 135. In this regard, the Sixth Circuit's decision in *Weaver v. Foltz*, 888 F.2d 1097 (6th Cir. 1989), is controlling. In *Weaver*, petitioner presented a properly exhausted claim of insufficient evidence . . . in addition to unexhausted claims. The State of Michigan raised the exhaustion doctrine and requested dismissal under the total exhaustion rule of *Rose v. Lundy*[, 455 U.S. 509 (1982)]. The district court, finding

---

[2]This exception has become a part of the statute; it was codified on adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA")

> unexhausted claims, dismissed the petition in its entirety. On appeal, the Sixth Circuit reversed. Relying on *Granberry v. Greer*, the court determined that the exhaustion doctrine may be waived in extraordinary cases requiring prompt federal intervention. 888 F.2d at 1100. The court determined that a petition setting forth a meritorious and fully exhausted challenge to the sufficiency of evidence resents an extraordinary circumstance supporting waiver of the exhaustion rule.

*Johnson v. Abramajtys*, No. 1:91cv 651, 1994 U.S. Dist. LEXIS 11584 at *18-20 (W.D. Mich. May 27, 1994)(Report and Recommendations, *adopted at* 1994 U.S. Dist. LEXIS 11588 (W.D. Mich. July 27, 1994), and *affirmed at* 1995 U.S. App. LEXIS 14456 (6th Cir. June 8, 1995)). Mills has made no argument that either of the extraordinary circumstances discussed in *Johnson* are present in his case. Nevertheless, the Court observes that Mills has advanced a claim in his amended habeas petition in which he claims the identification evidence against him is insufficient to support his convictions. (Doc. No. 90 at 29, Sixth Ground for Relief.) The Court assumes without finding that that claim has been fully exhausted. No request for an evidentiary hearing has been filed to date, however, and as that option is still available to Mills, the Court is not inclined to foreclose it by deciding today the merits, if any, of the insufficiency of the evidence claim. Therefore, neither of the "extraordinary circumstances" found by the Supreme Court or the Sixth Circuit exist in Mills' case. It is interesting to note that the exceptions to the exhaustion requirement in 28 U.S.C. § 2264(a)[3] differ significantly from those in § 2254(b). The former provides:

> Whenever a State prisoner under capital sentence files a petition for habeas corpus relief to which this chapter applies, the district court

---

[3] Section 2264 is entitled "Special Habeas Corpus Procedures in Capital Cases," and is generally referred to as "Chapter 154 of the Judicial Code," or simply, "Chapter 154." The special procedures and standards "tend to restrict access to habeas corpus relief and include, among other things, accelerated deadlines for the filing and resolution of federal habeas corpus petitions." Federal Habeas Corpus Practice and Procedure, Hertz and Liebman, at 111. Chapter 154 applies only to habeas petitions filed in states that have "opted in" to the special provisions by providing the affected capital prisoners with certain procedural advantages during state post-conviction proceedings. *Id*. at 111-12. Ohio has not "opted in" to Chapter 154 so the provisions therein are not applicable to Mills' petition, but comparison of the different exhaustion requirements found in §§ 2254 and 2264 nevertheless reveals an intent to reserve the exceptions to exhaustion in § 2264 to those petitioners sentenced to death in states that have "opted in" to Chapter 154.

> shall only consider a claim or claims that have been raised and decided on the merits in the State courts, unless the failure to raise the claim properly is –
>
> > (1) the result of State action in violation of the Constitution or laws of the United States; [or]
> >
> > . . . .
> >
> > (3) based on a factual predicate that could not have been discovered through the exercise of due diligence in time to present the claim for State or Federal post-conviction review.

Of course, to date Ohio's capital punishment procedures are not such that § 2264 applies to capital cases within the state, but given that §§ 2254 and 2264 were simultaneously amended and created, respectively, by Congress via the AEDPA, it seems likely that the legislature intended not to provide an exception to the exhaustion requirement of § 2254(b) that could mirror § 2264(a)(1) or (3), which, if applicable, might arguably state the circumstance in which Mills finds himself.

The Sixth Circuit Court of Appeals has described the reasons for the exhaustion requirement in the habeas context as follows:

> The exhaustion provision of 28 U.S.C. § 2254 requires a habeas petitioner to "'fairly present [ ]" to the state courts the 'substance' of his federal habeas corpus claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 277-78 (1971). The state courts must be provided with a "fair opportunity" to apply controlling legal principles to the facts bearing upon the petitioner's constitutional claim. *Harless*, 459 U.S. at 6. The purpose of the exhaustion requirement is "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). "This is accomplished by giving the state courts an opportunity to pass upon and correct alleged violations of the constitutional rights of state prisoner in the first instance." *Butler v. Rose*, 686 F.2d 1163, 1168 (6th Cir. 1982).

*Sampson v. Love*, 782 F.2d 53, 54 (6th Cir. 1986)(parallel citations omitted). In *Sampson*, the court of appeals addressed the question "whether or when, new facts or evidence, not presented to the state

-5-

courts, can affect a habeas petitioner's claim to such a degree that the new facts or evidence must first be presented to the state courts. *Id*. at 55. The court observed that the issue was one of first impression in the Sixth Circuit, and surveyed other courts of appeals, finding that the First, Second, Fifth, Ninth, and Tenth Circuits had required petitioners to return to state courts to exhaust claims relying on new evidence not previously presented in state court proceedings. *Id*. at 55-57, *citing Domaingue v. Butterworth*, 641 F.2d 8 (1st Cir. 1981); *United States ex rel. Boodie v. Herold*, 349 F.2d 372 (2d Cir. 1965); *Brown v. Estelle*, 701 F.2d 494 (5th Cir. 1983); *Schiers v. California*, 333 F.2d 173 (9th Cir. 1964); *Jones v. Hess*, 681 F.2d 688 (10th Cir. 1982). Those cases generally agreed that

> The state courts must have had an opportunity to pass on the claim "in light of a full record," *United States ex rel. Boodie v. Herold*, 349 F.2d 372, 373-74 (2d Cir. [1965]), and where the factual basis for a claim was not presented to the state courts, the claim is unexhausted. *Gurule v. Turner*, 461 F.2d 1083, 1084 (10th Cir. [1972]). Although "bits of evidence" which were not before the state courts will not render a claim unexhausted, . . . where a federal habeas petitioner presents newly discovered evidence or other evidence not before the state courts such as to place the case in a significantly different posture, the state courts must be given an opportunity to consider the evidence. *Needel v. Scafati*, 412 F.2d 761, 766 (1st Cir. [1969]) ("significantly different posture"), *cert. denied*, 396 U.S. 861 . . . ; *Schiers v. California*, 333 F.2d 173, 176 (9th Cir. [1964]) ("facts outside the record"); *Ex parte Farrell*, 189 F.2d 540, 545-46 (1st Cir.[1951]) (*dictum*), *cert. denied*, 342 U.S. 839 [1951].

*Sampson*, 782 F.2d at 57, *quoting Jones*, 681 F.2d at 693-94. *See also Turner v. Tennessee*, 858 F.2d 1201, 1205 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989); *Ambrose v. Dutton*, 856 F.2d 192, ___ 1988 WL 87688 at **4-6 (6th Cir. 1988)(unpublished disposition). The *Sampson* court agreed with the circuits surveyed, concluding that Sampson's newly discovered evidence placed his claim in a significantly different posture than it had been in state courts, necessitating a return to the state courts for exhaustion purposes. 782 F.2d at 57. Furthermore, since *Sampson*'s extensive survey on the subject, the Fourth, Seventh and Eighth Circuits have come to the same

conclusion as the *Sampson* court. *Wise v. Warden, Maryland Penitentiary*, 839 F.2d 1030, 1034 (4th Cir. 1988); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 671 (7th Cir. 1990); *Burgin v. Broglin*, 900 F.2d 990, 995-96 (7th Cir. 1990); *Laws v. Armontrout*, 834 F.2d 1401, 1413-14 (8th Cir. 1987). The uniform reasoning in these cases has been very recently recognized as the prevailing view among the Courts of Appeals, *McNair v. Campbell*, 307 F. Supp. 2d 1277, 1320 (M.D. Ala. 2004).

The Magistrate Judge's research reveals no case in which the United States Supreme Court has confronted the *Sampson* issue directly. In at least one case, however, the Court held that because supplemental evidence presented "did not fundamentally alter the legal claim already considered by the state courts," the respondent's return to state court for consideration of that evidence was not required, *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986), lending support to the circuit courts' conclusions. Nor is it unheard of for a petitioner to be sent back to the state courts to litigate a claim based upon newly discovered evidence under the heavier burden set forth in Ohio Rev. Code § 2953.23. *McDonald v. Strickrath*, 815 F.2d 704, 1987 U.S. App. LEXIS 3255 (6th Cir. 1987)(table)

Mills argues that the state's withholding of the new evidence constitutes "cause" for his failure to present it to the state courts in his first post-conviction proceedings, and that he was prejudiced by the withholding (Objections to Report and Recommendations, Doc. No. 135 at 3, 18-21, 36), but there exists no "cause and prejudice" exception to the exhaustion requirement. Instead, the term "cause and prejudice" is distinctly identified as an exception to procedural default. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Mills has not procedurally defaulted his *Brady* claim based on the new evidence, but that does not excuse him from exhausting the claim in the state courts before it may be heard by this Court.

In a memorandum containing additional authority for Mills' position, the Court is referred to the case of *Mayberry v. Petsock*, 821 F.2d 179 (3d Cir. 1987). Mills cites the following passage:

> Mayberry sought to make such a showing by claiming in the district court that he was obstructed by state officials from pursuing his appeal. The Supreme Court has suggested, without elaboration, that failure to exhaust state remedies will not bar federal habeas corpus review where state officials have interfered with a habeas petitioner's utilization of state remedies. In *Brown v. Allen*, 344 U.S. 443 (1953), the Court so stated first in discussing the petitioners' failure to appeal ("Of course, federal habeas corpus is allowed where time has expired without appeal when the prisoner is detained without opportunity to appeal because of lack of counsel, incapacity, *or some interference by officials*." *Id*. at 485-86 (emphasis added)), and then in discussing the petitioner's failure to use the state's remedy for collateral relief ("A failure to use a state's available remedy, *in the absence of some interference* or incapacity, such as is referred to [in cases involving denial of counsel], bars federal habeas corpus." *Id*. at 487 (emphasis added)). The Court also suggested last term that "some interference by officials" which "made compliance impractical" would constitute cause, under the cause and prejudice standard to excuse procedural default. *Murray v. Carrier*, 477 U.S. 478 (1986) (citing *Brown v. Allen*, 344 U.S. at 486).

(Additional Authority for Objections to Supplemental Report and Recommendations, Doc. No. 139 at 2, *quoting Mayberry*, 821 F.2d at 184.)

The Magistrate Judge finds Petitioner's citation of *Mayberry* and the cases it relies upon unconvincing. *Mayberry*'s first quotation from *Brown* allows that when a habeas petitioner's opportunity to appeal his case in the state courts has been thwarted by, *inter alia*, some interference by officials, federal habeas review is not precluded. *Mayberry*, 821 F.2d at 184. That is clearly not Mills' situation since Mills exhausted his state court direct appeals, and Ohio Rev. Code § 2953.23 allows filing a successive post-conviction relief petition at virtually any time so long as a petitioner meets the other procedural requirements stated in the statute (i.e., has shown he was unavoidably prevented from discovering the facts relevant to his claim or claims). In other words, it is not a foregone conclusion that Mills' successive post-conviction petition would be deemed to be out of time by the state courts since the statute allows for an apparently unlimited time within which to file successive petitions so long as the petitioner complies with the procedural demands of the statute.

Furthermore, determinations of the timeliness of successive state post-conviction petitions, and whether petitioners have satisfied the state procedural requirement are decisions for the state court to make.

*Brown* also held that "[a] failure to use a state's available remedy, in the absence of some interference or incapacity, . . . bars federal habeas corpus. The statute requires that the applicant exhaust available state remedies." *Brown*, 344 U.S. at 487. The Court's understanding of Mills' purpose in including the first part of this quotation from *Brown*, via *Mayberry*, is that there was "some interference" on the part of state officials in the past, so he should not be required to return to the state courts to litigate his *Brady* claim respecting the new evidence, even though there is presently an available state remedy. If the Court's understanding of Mills' argument is correct, it is unpersuasive. There is no interference by state officials that keeps Mills from availing himself of the state remedy provided by Ohio Rev. Code § 2953.23. That there was previously official interference that had kept Mills from taking advantage of the state remedy that was once but is no longer available, Ohio Rev. Code § 2953.21, does not excuse him from using the remedy *still available* in the state courts. As *Brown* recognized immediately following the quoted passage, "[t]he statute requires that the applicant exhaust available state remedies." 344 U.S. at 487. Finally, even if *Brown* acknowledged that in *some* cases official interference might excuse a petitioner's failure to exhaust a claim, it does not necessarily follow that the failure would be excused in *all* cases where there was official interference. If Mills' position were accepted, a habeas petitioner would never have to exhaust a *Brady* claim before coming to federal court because, by hypothesis, a *Brady* claim always involves failure of the State to disclose evidence..

Mills also argues that the higher burden placed upon petitioners filing successive state post-

conviction petitions violates the Article VI of the United States Constitution, the Supremacy Clause.[4] The Magistrate Judge finds Mills' argument unpersuasive. Some of the state appellate courts have addressed the issue and found no constitutional violation.

> [Ohio Rev. Code § 2953.23(A)(2)] must be viewed in its proper context. First, the statute has no application during the criminal proceedings. It in no way impinges upon federal constitutional rights during the criminal pretrial proceedings, the trial proceedings, the sentencing proceedings, the direct appeal . . ., motions to reopen direct appeals, or even the first petition for postconviction relief.
>
> A postconviction relief proceeding is a collateral *civil* attack on a judgment and is not imbued with the same federal constitutional protections as are all of the criminal proceedings which precede it. In [*Pennsylvania v.*] *Finley*, 481 U.S. 551 [(1987)], the United States Supreme Court explained that defendants in postconviction relief proceedings are in a fundamentally different legal position than defendants on trial, and defendants asserting their appeals as of right. *Id*. at 559. The [C]ourt stated: "Postconviction relief is * * * not part of the criminal proceeding itself, and is in fact considered to be civil in nature. It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief." (Citations omitted.) *Id*. at 55[6-5]7.
>
> It further stated: "At bottom, * * * we are unwilling to accept – that when a State chooses to offer help to those seeking relief from convictions, the Federal Constitution dictates the exact form such assistance must assume. On the contrary, in this area States have substantial discretion to develop and implement programs to aid prisoners seeking to secure post-conviction review." *Id*. at 559. The United States Supreme Court has further stated that "the State remains free to impose proper procedural bars to restrict repeated returns to state court for postconviction proceedings." *Slack v. McDaniel*, 529 U.S. [473], 489 [(2000)]. In light of these holdings, considering the civil nature of the proceedings, considering that the higher burden is only applicable in a second [or] successive petition for post conviction [sic] relief, and considering the extensive process of review made available to a defendant prior to reaching this point, we find that R.C. 2953.23(A)(2) is a reasonable and proper

---

[4]"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be supreme Law of the Land; and the Judges in every State shall be bound thereby, and Thing in the Constitution or Laws of any State to the contrary notwithstanding." Clause 2, Article VI, United States Constitution.

procedural limitation on postconviction proceedings.

*State v. Davie*, No. 2000-T-0104, 2001 WL 1647193 at *4-5 (Ohio App. 11th Dist. Dec. 21, 2001). *See also State v. Bies*, No. C-020306, 2003 WL 202177 at *3 (Ohio App. 1st Dist. Jan. 31, 2003)(following *Davie, supra*, and *McGuire, infra*); *State v. McGuire*, No. CA 2000-10-011, 2001 WL 409424 at *4-9 (Ohio App. 12th Dist. Apr. 23, 2001)(rejecting Supremacy Clause challenge to Ohio Rev. Code § 2953.23 after performing preemption analysis). Moreover, as recently as December 11, 2002, the Ohio Supreme Court allowed capital petitioners filing *Atkins v. Virginia*, 536 U.S. 304 (2002), claims in second or successive post-conviction relief petitions to be excused from the "clear and convincing evidence" standard of Ohio Rev. Code § 2953.23(A)(2), and held such petitioners would instead be subject to the "preponderance of the evidence" standard. *State v. Lott*, 97 Ohio St. 3d 303, 306 (2002). Whether such an exemption from the higher burden might be granted in Mills' case given the State's withholding of the newly discovered evidence is not for this Court's conjecture, but is instead a question for the state courts.

The Magistrate Judge believes Petitioner's Supremacy Clause analysis is fundamentally flawed. Petitioner is certainly correct in arguing that *Brady* is the law of the land and is binding on state court judges. But neither the United States Supreme Court nor the Congress has ever assayed to prescribe the shape and boundaries of proceedings in which *Brady* is to be applied as the law of the land. In fact, neither Congress nor the Supreme Court has ever required the States to adopt any procedure for post-trial litigation of constitutional rights. Congress could certainly do so if it chose. *See Testa v. Katt,* 330 U.S. 386 (1947), and *General Oil Co. v. Crain,* 209 U.S. 211 (1908). Instead, Congress has required that habeas corpus petitioners first exhaust state remedies, however the States have designed those remedies. There is no exception to the exhaustion requirement for those situations where a return to state court would, in Petitioner's words, "reward" the State for suppressing evidence.

In addition to the constitutional Supremacy Clause argument which was recommitted, Petitioner may also be making a statutory argument, to wit, that the enhanced burden of proof on a successive Ohio post-conviction petition "render[s] such process ineffective to protect the rights of the applicant." (See Objections, Doc. No. 138, at 5.) Although that specific point was not in the Order of recommittal, the Magistrate Judge notes that:

1. The claim is inconsistent with Petitioner's expressed confidence that he will prevail if required to proceed in state court; and

2. Petitioner cites no authority for the proposition.

For all of these reasons, Mills' only hope of averting a return to the state courts to litigate his *Brady* claim on the newly discovered material is to demonstrate that the new evidence does not place his *Brady* claim in a "significantly different posture than it had been in the state courts." *Sampson*, 782 F.2d at 57. This, Mills cannot do. The Supreme Court has explained that

> [T]he term "*Brady* violation" is sometimes used to refer to any breach of the broad obligation to disclose exculpatory evidence – that is, to any suppression of so-called "*Brady* material" – although, strictly speaking, there is never a real "*Brady* violation" unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict.

*Strickler v. Greene*, 527 U.S. 263, 281 (1999). Therefore, by arguing that the newly discovered evidence is *Brady* material, Mills implicitly contends it would have produced a different verdict at trial, an argument inconsistent with the type of evidence under *Sampson* that might permit Mills to litigate his claim in the federal court in the first instance. Mills' explicit argument that he has been "seriously prejudiced" (Objections to Report and Recommendations, Doc. No. 135 at 18) by the state's withholding of the new evidence also weighs in favor of his return to the state courts.

On the basis of the foregoing analysis, the Magistrate Judge reiterates his recommendation that Petitioner be required to exhaust the available remedy in Ohio Revised Code § 2953.23 for his

*Brady* claim based on newly-discovered evidence.

July 3, 2004.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Death Penalty\Mills v. Mitchell\Brady Remand.wpd