IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES ETHAN MILLS,

  Petitioner,  :  Case No. C-1-96-423

          :  District Judge Susan J. Dlott
 -vs-           Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,
          :
  Respondent.

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON RECOMMITTAL**

  This case is before the Court on Petitioner James Ethan Mills' Objections ("Objections") (Doc. No. 146) to the Report and Recommendations on Recommittal (Doc. No. 143). Respondent has filed her memorandum in response to Mills' objections (Doc. No. 147), and Mills has filed his reply ("Reply") (Doc. No. 149).[1]

  The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

  Mills' argument that Respondent has waived the exhaustion defense, made in a footnote contained in her response to his objections, can easily be disposed of. Exhaustion is not a defense that must be affirmatively asserted, but is instead one that must be expressly waived by the respondent. 28 U.S.C. § 2254(b)(3). Therefore, Respondent's mere acknowledgment that she did not specifically argue the exhaustion defense in her Motion for Summary Judgment is insufficient to constitute a waiver of that defense.

---

[1] Neither the Federal Rules of Civil Procedure nor the local rules of this Court provide for a reply memorandum in support of a set of objections and Petitioner did not seek leave to file his Reply. Nonetheless, the Court considers the arguments made in the Reply on the merits.

Mills contends that the recent United States Supreme Court case *Banks v. Dretke*, 540 U.S. 668, 124 S.Ct. 1256 (2004), controls the exhaustion issue in his case. Mills argues that since Banks presented his *Brady* claim in his state post-conviction proceedings, albeit without the evidence discovered in federal habeas, the federal court was able to address the claim on its merits, despite the similarities between the post-conviction procedures in Ohio and Texas.[2] Mills acknowledges that *Banks* is a pre-AEDPA case, whereas his own case is governed by the AEDPA, but quotes the Court's own words from the Report and Recommendations on Recommittal (Doc. No. 137 at 5 n. 2): "The AEDPA . . . did not modify the exhaustion law relevant to Mills' argument in any substantive way." While the quotation is accurate, the Court should have been more precise. The exhaustion *requirement* as it pertains to Mills' *Brady* claim[3] was not substantively modified; however, the *method by which a State may waive it* was. *Banks* itself noted that "while [the] AEDPA forbids a finding that exhaustion has been waived unless the State expressly waives the requirement, 28 U.S.C. § 2254(b)(3), under pre-AEDPA law, exhaustion and procedural default defenses could be waived based on the State's litigation conduct." 540 U.S. ___, 124 S.Ct. at 1280. In *Banks*, the relevant evidence, an interrogation transcript, was "indeed aired before the Magistrate Judge and the . . . transcript itself was admitted into evidence without objection" from the State, whose inaction constituted a waiver of the exhaustion defense for Fed. R. Civ. Proc. 15(b), and Certificate of Appealability purposes. *Id*. As Mills is subject to the AEDPA, the State can only waive the exhaustion defense by doing so explicitly. Consequently, Mills is not on the same footing as *Banks*. Mills seeks to distinguish his *Brady* claim from that in *McNair v. Campbell*, 307 F.Supp. 2d 1277 (M.D. Ala. 2004), which is cited in the Report and Recommendations on

---

[2]Banks was convicted and sentenced to death in a Texas court.

[3]The Court recalls that there exists alleged *Brady* material disclosed but unused in Mills' state post-conviction proceedings, and that Mills' claim respecting such has been found to have been procedurally defaulted for federal habeas purposes. References herein to "*Brady* material" or to Mills' "*Brady* claim" refer only to that evidence claimed to be *Brady* material and discovered in these habeas proceedings.

Recommittal only for its general recognition that the prevailing view within the circuits is that new evidence placing a claim in a significantly different posture necessitates a return to the state courts for exhaustion purposes. (Doc. No. 143 at 6-7.) Mills' argument seems to suggest that the Court's citation to *McNair* was intended to imply that Mills' attorneys had somehow "sandbagged" him. (Objections, Doc. No. 146 at 5.) There is no evidence of any such conduct on the part of Mills' attorneys respecting the alleged *Brady* material discovered in federal habeas, and the Court's citation of *McNair* was not intended to suggest any such thing. Mills argues that because he exercised due diligence in trying to discover the alleged *Brady* evidence, his case is distinguishable from *McNair*, and he consequently should not have to return to the state courts to exhaust his *Brady* claim. Due diligence in the federal habeas corpus context, however, is a concept rooted in procedural default and the availability of discovery or an evidentiary hearing, and has no application to the exhaustion requirement.

Mills' attempt to distinguish *Sampson v. Love*, 782 F.2d 53 (6th Cir. 1986), on the ground that *Sampson* involved a claim of juror vindictiveness rather than prosecutorial misconduct also fails. Mills argues as if the answer to the question whether a *Brady* violation can excuse a litigant from pursuing that claim in state courts simply because the prosecutors engaged in misconduct is settled law. It is not. Mills' previous attempted to support his argument with *Mayberry v. Petsock*, 821 F.2d 179 (3d Cir. 1987), was fully considered and rejected in the Report and Recommendations on Recommittal. (Doc. No. 143 at 7-9.) Therefore, that a petitioner in one case might have had to return to state court to litigate, say, an ineffective assistance of counsel claim where the attorney was alleged to have "sandbagged" his client (as in *McNair*), or that a petitioner might discover new evidence in federal habeas supporting his claim of juror vindictiveness in sentencing (as in *Sampson*), does not distinguish Mills' circumstances sufficiently to warrant a different result. Thus, though arguably "routine" (Objections, Doc. No. 146 at 5), the question whether the new evidence

3

significantly altered the *Brady* claim Mills presented to the state court in post-conviction is crucial.

Next, Mills claims he is entitled to supplement the record here with documents or by way of an evidentiary hearing and argues that 28 U.S.C. § 2254(e), not § 2254(b), governs the issue before the Court, citing *Holland v. Jackson*, 124 S.Ct. 2736 (2004). Mills has made no motion to supplement the record or for an evidentiary hearing respecting the alleged *Brady* evidence, however, and whether he could or could not do so is an inquiry independent of the exhaustion issue before the Court. Were Mills to request either an evidentiary hearing or to supplement the record, however, the exhaustion question would remain. Since the evidence would still substantially alter the *Brady* claim Mills presented in the state court, the Court would be right where it is today regarding the exhaustion issue. *See Needel v. Scafati*, 412 F.2d 761 (1st Cir. 1969), *cert. denied*, 396 U.S. 861 (1969)(ordering dismissal of a petition where significant new evidence emerged in a federal habeas evidentiary hearing resulting in non-exhaustion of the petitioner's claim). Furthermore, *Holland* does not mention the exhaustion requirement nor does it illuminate how evidence discovered in federal habeas proceedings should be treated. In fact, the Supreme Court reversed the Sixth Circuit in *Holland* because the circuit court had erred in granting relief in disregard of the state court's independent basis for the decision, reasoning that sounds in procedural default, not exhaustion analysis. *Holland*, 124 S.Ct. at 2737. *Cargle v. Mullin*, 317 F.3d 1196 (10th Cir. 2003), cited by Mills, concerns the appropriateness of the federal court's evidentiary hearing, which was unopposed by the State, a situation dissimilar to Mills' *Brady* issue. *Id*. at 1208. The circuit court noted that it would reach the same result even without the new evidence brought out in the federal hearing, *id*., which could reasonably lead one to conclude that whatever evidence was brought out, it could not have been of the type that significantly altered the claim presented in the state court. Thus, the federal court would have had no reason return the petitioner to state court, even assuming the existence of an available state remedy. Mills suggests that the *Cargle* court "did not need to concern

itself with exhaustion" because Cargle was not at fault for failing to develop the new evidence when it could have been presented to the state court. (Objections, Doc. No. 146 at 8.) "Due diligence" in attempting to develop the facts in state court proceedings, while an essential obligation imposed on federal habeas petitioners seeking an evidentiary hearing, has no relevance to the exhaustion requirement. Although on July 24, 2004, Mills asserted his intent to "promptly file a motion for an evidentiary hearing . . . to create a redundant pathway for making sure these *Brady* facts are properly before this Court" (Objections, Doc. No. 146 at 10), no such motion has been filed. Thus, Mills' reliance on cases involving federal habeas petitioners' requests to supplement the record or for evidentiary hearings, including *Williams v. Taylor*, 529 U.S. 420 (2000), is for naught.

Mills cites *Monroe v. Angelone*, 323 F.3d 286 (4th Cir. 2003), in support of his contention that evidence discovered in federal habeas is properly reviewed *de novo* by the habeas court. There, however, the state habeas corpus statute's limitations period had passed,[4] leaving the petitioner with no opportunity to present her claim to the state courts. There are two ways to satisfy the exhaustion requirement. First, satisfaction may be had by fair presentation of the legal basis and factual bases of the claim to the highest state court, or "exhaustion by presentment." *See Anderson v. Harless*, 459 U.S. 4, 6 (1982). Second, a claim is technically exhausted when the petitioner failed to fairly present it to the state court and no available state remedy remains, or "exhaustion by procedural default." *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Monroe's *Brady* claim was exhausted not because the state had withheld evidence until habeas proceedings, but because she had no available state remedy to pursue. That fact left her most closely in the position she would have

---

[4]After enactment of Va. Code. § 8.01-654(A)(2), effective July 1, 1998, a petitioner was required to file his state habeas petition within two years from the date of final judgment in the trial court, or one year from either final disposition of the direct appeal in the state court or the time for filing such appeal had expired, whichever was later. *Haas v. Lee*, 560 S.E.2d 256, 257 (Va. 2002). No exception to the statute of limitations is provided for by the statute. *Id*. Under the statute, which the Virginia Supreme Court has determined is procedural and therefore applies retrospectively, *id*., Monroe would have had to file her state habeas petition based on the evidence discovered in federal habeas discovery by November 1, 1996, before the evidence was even disclosed. Since the statute makes no provision for exception to the statute of limitations based on newly discovered evidence, Monroe was without an available state remedy.

5

been in had she exhausted her claim by procedural default, even though it was no fault of hers that the evidence was never presented to the state courts. Thus, *Monroe* sheds little light on Mills' predicament since Mills *does* have an available state corrective process, as unattractive as it may be to Mills.

Mills' citation to *Rojem v. Gibson*, 245 F.3d 1130 (10th Cir. 2001), is mystifying since the state in that case waived the exhaustion requirement with regard to the evidence discovered in federal habeas proceedings. *Id*. at 1139 fn. 7. Thus, that the federal court in that case may have addressed the newly discovered evidence *de novo* is of no consequence to the issue before this Court. In fact, citation to *Rojem* in the circumstances of Mills' case without acknowledgment of the state's waiver of the exhaustion requirement is disingenuous.

Next, Mills interprets the phrase "has exhausted" in 28 U.S.C. § 2254(b)(1)(A) as applying at the moment the habeas petition is filed. (Objections, Doc. No. 146 at 10.) He cites no authority for his proposition in his Objections, and cases cited by this Court here and in its previous Reports and Recommendations in Mills' case belie the argument's viability. (*See* Doc. No. 143 at 5-7.) In his Reply (Doc. No. 149 at 8), Mills notes that the First Circuit's practice is to determine the question of exhaustion as of the time a habeas corpus petition is filed, not at the time of the appeal, citing *Domaingue v. Butterworth*, 641 F.2d 8, 14 (1st Cir. 1981). That same court, however, also ordered dismissal of a habeas corpus petition for failure to exhaust state remedies after significant new evidence emerged in the federal habeas evidentiary hearing, *even after the district court had ruled on the merits of the suspect claim. Needel v. Scafati*, 412 F.2d 761, 765-66 (1st Cir. 1969). Mills' argument is flatly contradicted by Sixth Circuit law, which binds this Court. *Sampson v. Love*, 782 F.2d 53 (6th Cir. 1986).

Mills reiterates his argument that the higher burden of proof applicable in second or successive post-conviction petitions under the Ohio statute makes a return to the state court to

exhaust his *Brady* claim violative of his rights under the Supremacy Clause of the United States Constitution. The Court discussed this argument fully in the Report and Recommendations on Recommittal, and further discussion would be redundant. Mills criticizes the Court for its acknowledgment that the Ohio Supreme Court has excused second or successive post-conviction petitioners from the higher burden of proof, suggesting that this Court has engaged in conjecture "so totally untenable that all Petitioner says here is that he should not be forced to bet his life on such a long shot." (Objections, Doc. No. 146 at 11.) This Court, however, explicitly stated that it would *not* engage in conjecture as to whether the state courts might use similar exemptions again to rectify the type of unfairness Mills argues will result from requiring him to return to state court to exhaust his *Brady* claim. That decision, if indeed it is one that is to be made, rests entirely within the state courts' purview.

The Court acknowledges Mills argument that *Rhines v. Weber*, 124 S.Ct. 2905 (2004), a case accepted for review in the current term of the United States Supreme Court, could have significant impact on the procedural posture of his case (Reply, Doc. No. 149 at 3-5), at this point in time, the law is what the law is, and this Court must continue to follow it unless and until the Supreme Court rules otherwise. *See Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002); *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002); *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

Mills also contends that the Court erroneously cited *Laws v. Armontrout*, 834 F.2d 1401 (8th Cir. 1987) ("*Laws I*"), as agreeing with other circuits which have concluded that evidence which significantly alters the nature of a claim and which is discovered in federal habeas proceedings necessitates a return to exhaust the claim where there exists an available state corrective process. Mills notes that *Laws I* was vacated and reheard by the *en banc* court. *Laws v. Armontrout*, 845 F.2d 782 (8th Cir. 1988)(*en banc*). In *Laws v Armontrout*, 863 F.2d 1377 (8th Cir. 1988) (*Laws II*), the *en*

7

*banc* court reaffirmed *Laws I* with the exception of the part of *Laws I* that discussed exhaustion. That much is true, as far as it goes. It is not, however, the complete story of *Laws*. Here is the rest of the story:

> Nearly two years after the Supreme Court decided *Vasquez*,[5] the Eighth Circuit . . . addressed a similar situation. *Laws v. Armontrout*, 834 F.2d 1401, 1413 (8th Cir. 1987) ("*Laws I*"), *reh'g granted and opinion vacated*, 845 F.2d 782 (8th Cir. [1988]), *opinion reaffirmed on reh'g*, 863 F.2d 1377 (8th Cir. 1988), *cert. denied*, 490 U.S. 1040 (1990)[sic]. The petitioner in *Laws I* had been convicted of two counts of murder in a Missouri state court and sentenced to death. He argued in his federal habeas petition, inter alia, that his trial counsel had been ineffective for failing to present mitigating evidence of his experience in Vietnam. The district court found that the petitioner had not specifically raised his "Vietnam experience" claim in state court, but nevertheless held that the exhaustion rule did not foreclose habeas consideration of that claim because petitioner had raised claims in state court regarding counsel's failure to present mental health evidence and the testimony of relatives. The district court reasoned that the "Vietnam experience" claim was "part and parcel" of those other claims.
>
> On appeal, the Eighth Circuit, in part "IV.B." of a 2-1 panel opinion, decided that the petitioner's "Vietnam experience" claim had not been exhausted by presentment. In making its determination, the court stated the applicable law to be as follows:
>
>> It is well-settled that a petitioner must present the state courts with precisely the same factual underpinnings of his federal constitutional argument that the petitioner wishes to use to support his claim in his federal habeas corpus petition. Thus, if in federal court the petitioner relies on facts that give the case a significantly different and stronger evidentiary posture than it had when the state courts considered it, the state courts must be given an opportunity to consider the evidence.
>
> [*Laws I*] at 1413.
>
> The opinion in *Laws I* was subsequently vacated when the case was accepted for rehearing en banc. *See* 845 F.2d 782 (8th Cir. 1988). On

---

[5]*Vasquez v. Hillery*, 474 U.S. 254, 260 (1986), where the United States Supreme Court held that "[a] claim will be deemed exhausted by presentment despite the presentation of new facts or evidence in a federal habeas action if the new facts or evidence merely supplement evidence previously presented and do not 'fundamentally alter the legal claim already considered by the state courts.'" *Ryan v. Hopkins*, No. 4:CV95-3391, 1996 WL 539220 at *10 (D. Neb. July 31, 1996)

> rehearing, the Eighth Circuit reaffirmed the result of the previous opinion with the exception of part "IV.B." dealing with exhaustion of the "Vietnam experience" claim. *Laws v. Armontrount* [sic], 863 F.2d 1377, 1387 n.10 (8th Cir. 1988)(en banc)("*Laws II*"), *cert. denied*, 490 U.S. 1040 (1990) [sic]. With respect to the exhaustion issue, the Eighth Circuit stated that "[b]ecause of some arguable factual commonality interlacing these issues, and without disavowing the procedural bar issue, this being a death case, we prudentially decide to go directly to the merits aside from the procedural bar." *Id*. (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

*Ryan v. Hopkins*, No. 4:CV95-3391, 1996 WL 539220 at *12 (D. Neb. July 31, 1996)(footnote and some citations omitted). The *Ryan* court went on to describe later cases confronting *Laws II* and the exhaustion issue:

> This pronouncement from *Laws II* was subsequently relied on by the District Court for the Western District of Missouri in *Bolder v. Armontrout,* 713 F.Supp. 1558 (W.D.Mo. 1989) ("*Bolder I*"), *rev'd*, 921 F.2d 1359 (8th Cir. 1990), *reh'g denied*, 928 F.2d 806 (8th Cir.), *cert. denied*, 502 U.S. 850 (1991). In that case, the federal habeas petitioner, who was under a sentence of death from a Missouri state court, raised allegations of ineffective assistance of counsel, the factual bases of which had not been presented to the state courts. The district court noted that the failure to present the allegations to the state courts was an independent procedural bar to habeas review, but nevertheless proceeded to consider the merits of the claims. One of the stated reasons the court disregarded the procedural bar was that the "petition ask[ed] for review of the constitutionality of the procedures utilized to impose a sentence of death." *Id*. at 1564. The court asserted that "[i]n such a case, it is appropriate to bypass procedural default rules to reach the merits of allegations of constitutional error." *Id*. (citing *Laws II*, 863 F.2d at 1387 n.10).
>
> On appeal, the Eighth Circuit stated that the district court had incorrectly disregarded the procedural default. *Bolder v. Armontrout*, 921 F.2d 1359 (8th Cir. 1990) ("*Bolder II*"), *reh'g denied*, 928 F.2d 806 (8th Cir. [1991]), *cert. denied*, 502 U.S. 850 (1991). In so doing, the court distinguished *Laws II*:
>
>> In *Laws* [*II*] . . . this court did not disavow the procedural bar. Rather, we found at least an "arguable factual commonality" with issues that were properly raised in the state courts and proceeded to address the merits of the claim. Here, the district court incorrectly held that it should "bypass the procedural default" merely because this case involves the imposition of the death penalty. Bolder's [new] allegation . . . is not related to the

9

>evidence presented to the state courts . . . .

*Bolder II*, 921 F.2d at 1363 n.9 (internal citations omitted).

The Eighth Circuit revisited the issue in *Kenley v. Armontrout*, 937 F.2d 1298 (8th Cir. [1991]), *cert. denied*, 502 U.S. 964 (1991). The petitioner in *Kenley* raised two claims of ineffective assistance of counsel relating to counsel's alleged failure to present mitigating evidence and to call petitioner's family members during sentencing. The petitioner had generally raised the claims in state court. In his federal habeas action, the petitioner presented "unreviewed medical reports" and certain family testimony which had not been presented in the state court proceedings. In considering whether the claims had been exhausted by presentment, the Eighth Circuit stated as follows:

>We have not applied an unreasonable standard when deciding whether habeas claims have been adequately presented to the state court. The same factual arguments and legal theories should be present in both the state and federal claims. This means that the federal claim should not present significant additional facts such that the claim was not fairly presented to the state court. We may review claims as long as they are closely related to claims presented to the lower courts, but we have required at least an "arguable factual commonality."

*Id*. at 1302-03.

The court applied those standards to the facts before it and concluded that the petitioner had properly presented the two ineffective-assistance claims to the state courts, notwithstanding the new evidence presented on federal habeas review. Ultimately, the court held for the petitioner on those claims and granted the writ.

The Eighth Circuit has, on numerous occasions, cited *Kenley*'s formulation of the governing legal principles with favor. (Citations omitted.)

Thus, under the law in this circuit, where additional facts raised on federal habeas review are of such significance that the claim cannot be said to have been fairly presented to the state court, the claim will not be deemed exhausted by presentment. Under *Vasquez*, additional facts or evidentiary materials are of such significance if they "fundamentally alter the legal claim already considered by the state courts." *Vasquez*, 474 U.S. at 260. Additionally, in this circuit, even if a claim has not been fairly presented in state court, a federal court may consider the merits of that claim, without disavowing the procedural bar, provided there is an "arguable factual commonality" between that claim and claims raised in state court. *Laws II*, 863 F.2d

at 1387 n.10.

*Ryan*, 1996 WL 539220 at *12-14. (Some citations omitted.) The *Ryan* court found the new facts in the case were significant because they fundamentally altered the legal claim already considered by the state courts. *Id*. at *14. The court also acknowledged, as this Court has, that other federal courts confronted with new evidence in habeas proceedings on claims that were supported by little or no evidence in state court have also required petitioners to return to state court to satisfy the exhaustion requirement. *Id*. at *16, *citing Wise v. Warden, Maryland Penitentiary*, 839 F.2d 1030, 1033 (4th Cir. 1988); *Sampson v. Love*, 782 F.2d 53, 55-57 (6th Cir. 1986), *Jones v. Hess*, 681 F.2d 688, 693-94 (10th Cir. 1982); *Hart v. Estelle*, 634 F.2d 987, 989 (5th Cir. 1981). In addition, the court observed that principles of comity that underlie the exhaustion requirement militated in favor of the petitioner's return to state court. *Ryan* at *17. The *Ryan* court concluded that although there might have been an "arguable factual commonality" between the new evidence and that presented to the state courts, the need for additional factual development of Ryan's new claim, the fact that the claim could not summarily be found to be without merit, and the lack of a showing of any exceptional circumstances that might cause urgency for the federal court to address the new claim before the state courts mandated against *de novo* review of the claim in federal court. *Id*. at *18.

Neither the Sixth Circuit nor the United States Supreme Court has approved an exception to the exhaustion requirement based on the "arguable factual commonality" between a new federal claim and a claim presented to the state courts.

The Court acknowledges a misstatement concerning *McDonald v. Strickrath*, 815 F.2d 704, 1987 U.S.App. LEXIS 3255 (6th Cir. March 12, 1987)(table), where the Court stated that it is not "unheard of for a petitioner to be sent back to the state courts to litigate a claim based upon newly discovered evidence under the heavier burden set forth in Ohio Rev. Code § 2953.23." (Report and Recommendations on Recommittal, Doc. No. 143 at 7.) As Mills notes, McDonald did not possess

11

new evidence, but an unexhausted claim. Thus, the sentence should have read simply, "Nor is it unheard of for a petitioner to be sent back to the state courts to litigate a claim under the heavier burden set forth in Ohio Rev. Code § 2953.23." Thus, *McDonald* makes the somewhat diluted point that it is not unfair, *per se*, to subject habeas petitioners to the heavier burden of Ohio Rev. Code § 2953.23. That does not add vigor, however, to Mills' argument that the prosecutor's alleged misconduct should operate to forfeit the state courts' consideration of his *Brady* claim prior to federal habeas review.

Since Mills is uncertain why the Court cited *Turner v. Tennessee*, 858 F.2d 1201 (6th Cir. 1988), *vacated and remanded on other grounds*, *Tennessee v. Turner*, 492 U.S. 902 (1989), and *Ambrose v. Dutton*, 856 F.2d 192 (6th Cir. Aug. 25, 1988)(table) (Reply, Doc. No. 149 at 7), the Court will explain. Both *Turner* and *Ambrose* illustrate what type of new evidence does *not* substantially alter a claim, *ergo* what type of evidence will *not* necessitate a return to state court. To discern where the line is between evidence requiring a return to state court and evidence *not* requiring a return to state court, it is sometimes helpful to examine cases from both sides of the divide.

Mills similarly disputes the relevance of *Burgin v. Broglin*, 900 F.2d 990, 995-96 (7th Cir. 1990), to the circumstances here. The case is cited because although Burgin's claim based upon allegedly newly discovered evidence was ultimately found to have been procedurally defaulted, just as Mills states, the Seventh Circuit also discussed the state of the law in that circuit respecting the exhaustion requirement. The court stated that

> [W]here it is unclear whether a post-conviction remedy is available, we would ordinarily conclude that Burgin is required to commence state proceedings to bring the alleged newly discovered evidence to the Indiana courts' attention in order to permit the Indiana courts to have an opportunity to consider this evidence in post-conviction proceedings.

*Id*. at 995, *citing Wise v. Warden, Maryland Penitentiary*, 839 F.2d 1030, 1034-35 (4th Cir. 1988);

*Sampson v. Love*, 782 F.2d 53, 58 (6th Cir. 1986). The *Burgin* excerpt strongly indicates that the Seventh Circuit agrees with *Sampson* and the other circuits that evidence newly discovered in federal habeas will require exhaustion in the state courts if the evidence is such that it substantially alters a petitioner's claim.

Mills objects to the Court's citation of several cases from other circuits on the basis that in those cases there was no evidence any state agent withheld the evidence first presented by the petitioners in federal habeas proceedings. (Reply, Doc. No. 149 at 8-11.) Again, there is no exception to the exhaustion requirement that accommodates Mills' position that alleged prosecutorial misconduct should excuse him from exhausting his *Brady* claim. In addition, Mills' attempt to distinguish his circumstances from those of the petitioner in *Wise v. Warden, Maryland Penitentiary*, 839 F.2d 1030 (4th Cir. 1988), fails. Mills attaches importance to the circuit court's failure to determine whether Wise's claim involved the prosecutor's withholding of evidence or the ineffectiveness of Wise's attorney, a question that turned on whether and when Wise's attorney knew the substance of the evidence alleged to be *Brady* material. Mills argues essentially that since the nature of his claim is clearly one concerning a *Brady* issue, he is in a different position than Wise. On the contrary, that Wise was returned to state court even when the precise nature of his claim was unsettled indicates that whether the claim is one arising out of *Brady* or *Strickland*, significant new evidence will result in non-exhaustion.

Finally, Mills argues that "rewarding" the State for withholding evidence by subjecting Mills to the higher burden of Ohio Rev. Code § 2953.23 would "embolden" prosecutors in "the hope that, if [evidence] stays hidden until habeas proceedings" petitioners will be forced back to the state courts and the higher burden attached to a second or successive post-conviction proceeding. The suggestion that an entire category of attorneys would violate the federal constitutional rights of state defendants because Mills returned to the state courts to prosecute his *Brady* claim is unfounded.

13

Why would such a phenomenon take place upon Mills' return to state court when it did not following Sampson's?

## CONCLUSION

On the basis of the foregoing analysis, the Magistrate Judge again reiterates his recommendation that Petitioner be required to exhaust the available remedy in Ohio Revised Code § 2953.23 for his *Brady* claim based on newly-discovered evidence.

October 18, 2004.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Death Penalty\Mills v. Mitchell\Brady Remand 2.wpd