IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| James Ethan Mills, | : | Case No. 96-cv-423 |
| Petitioner, | : | District Judge Susan J. Dlott |
| v. | : | Magistrate Judge Michael R. Merz |
| Betty Mitchell, | : | ORDER |
| Respondent | : | |

    This matter is before the Court on the Magistrate Judge's Report and Recommendation and Addendum on Respondent's [Motion for] Procedural Default Summary Judgment (docs. ##s 131-32); Supplemental Report and Recommendation on Summary Judgment (doc. #137); Report and Recommendations on Recommittal (doc. #143); and Supplemental Report and Recommendations on Recommittal (doc. #150) (collectively "Reports").  The Reports concern several issues but focus on the ripeness of Mills' contention, in his Amended Petition for Writ of Habeas Corpus (doc. #90), that Ohio prosecutors violated Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose evidence both material and favorable to his guilt and punishment until discovery in this federal habeas proceeding.  The Magistrate concludes that Mills has not exhausted available state-court remedies with respect to this contention.  (See, e.g., doc. #137 at 3-5.)

    Because this Court cannot entertain Mills' Brady claims relating to newly-discovered evidence until Mills has first presented those claims to the Ohio courts, the Magistrate recommends that Mills' Amended Petition be stayed and Mills be required to file a second or successive state petition for post-conviction relief under Ohio Revised Code ("O.R.C.") § 2953.23.  (Id. at 4; see also

doc. #143 at 12-13; doc. #150 at 14.) The Magistrate further recommends that Respondent's Motion for Summary Judgment (doc. #122), which argues in relevant part[1] that the procedural default doctrine now precludes federal review of all of Mills' Brady claims,[2] be denied without prejudice to its renewal after final state disposition of the anticipated O.R.C. § 2953.23 petition and reinitiation of federal habeas proceedings.  (Doc. #131 at 4; see also doc. #122 at 10-26.)

Upon review of the aforementioned papers, the parties' responsive filings, and relevant authority including the Supreme Court's recent ruling in Rhines v. Weber, 125 S. Ct. 1528 (2005),[3]

---

[1] The Motion for Summary Judgment also challenges other claims from Mills' Amended Petition that Mills has since withdrawn.  (See doc. #131 at 1 n.1.)

[2] Respondent's Motion challenges not only the newly-discovered evidence Brady claims discussed above, but also a portion of Mills' Petition appearing to raise a Brady claim with respect to evidence available to but not used by Mills' counsel during initial state habeas proceedings.  With respect to the newly-discovered evidence claims, the Magistrate concludes that the claims are not procedurally defaulted *at this time* because Mills has not yet had an opportunity to present them to the state courts.  (See, e.g., doc. #131 at 3-4.)  With respect to Mills' other Brady claim concerning evidence available during Mills' first state habeas proceeding, the Magistrate concludes that further state review is almost certainly barred as a matter of *res judicata*.  (See doc. #137 at 5-6.)  Nevertheless, the Magistrate rejects Respondent's contention that *this* Court's review of that claim is necessary barred by procedural default.  This is because the Magistrate concludes that the alleged Brady material in this case, taken as a whole and viewed in the light most favorable to Mills, establishes a "genuine issue of material fact as to whether [Mills] is actually innocent" of the crime for which he was sentenced to death, and thus entitled to the "actual innocence" or "miscarriage of justice" exception to procedural default.  (Id. at 6, 18.)  Because application of the actual innocence doctrine in this case would presumably turn in part on an examination of the currently unexhausted Brady material, the Court agrees that it would be premature to engage in elements of the procedural default analysis at this time.  The Court therefore declines to rule on the merits of Respondent's Motion, and instead adopts the Magistrate's recommendation to deny it without prejudice to its post-stay renewal.  See infra at 3; doc. #131 at 4.

[3] Rhines was decided on March 30, 2005, after all the Reports and other papers relevant to this order had been filed.  Rhines confirmed that–absent certain exceptions not applicable here–district courts have the discretion to stay "mixed" federal habeas petitions brought by state prisoners, and containing some potentially meritorious claims not yet exhausted in proceedings before the state, to allow petitioners to present those claims in state court and then (if necessary) return to federal court with perfected petitions.  Rhines, 125 S. Ct. at 1535.

the Court **ADOPTS** the Magistrate's Reports (docs. ##s 131, 137, 143, 150) in their substantial[4] entirety.  Mills' Amended Petition (doc. #90) is hereby **STAYED AND HELD IN ABEYANCE** subject to the following **CONDITIONS**:

1. Mills must file a second petition for state post-conviction relief pursuant to O.R.C. § 2953.23 within 30 days of entry of this order, and promptly file a reference copy of that petition with this Court;

2. Mills must file biannual status reports with this Court throughout the pendency of his state O.R.C. § 2953.23 proceedings; and

3. Mills must return to this Court within 30 days of final state disposition of his O.R.C. § 2953.23 petition.  See Rhines, 125 S. Ct. at 1535.

In light of the stay, Respondent's pending Motion for Summary Judgment (doc. # 122) is **DENIED WITHOUT PREJUDICE**, and with the understanding that Respondent is free to renew it when and if Mills reinitiates proceedings before this Court.

IT IS SO ORDERED.

          s/Susan J. Dlott
          Susan J. Dlott
          United States District Judge

---

[4] The later Reports incorporate by reference much of the substantive analysis in earlier Reports, but also include some minor corrections to and clarifications of the earlier Reports.  To the extent the later Reports modify earlier Reports, the Court adopts the Reports in their modified form.