# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JAMES ETHAN MILLS,

                             :

         Petitioner,                 Case No. 1-96-cv-423

                             :     District Judge Susan J. Dlott
     -vs-                         Chief Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

                             :

         Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This case is before the Court on Petitioner's Motion for Reconsideration (Doc. No. 166) of this Court's Order of January 6, 2006 (Doc. No. 158) requiring Petitioner to exhaust in the state courts his claim under *Brady v. Maryland*, 373 U.S. 83 (1963), based on evidence he first discovered in the habeas corpus discovery process. The Respondent opposes the Motion (Doc. No. 167).

Petitioner's Motion is based on *Joseph v. Coyle*, 469 F.3d 441 (6th Cir. 2006). He asserts that the Sixth Circuit in Joseph "announced a standard of review for Joseph's Brady claims that, when applied to Mills, requires this Court to rescind its 'exhaustion' Order of January 6, 2006." (Motion, Doc. No. 166, at 2-3.) The relevant portion of the Joseph opinion reads in its entirety as follows:

> The Ohio Supreme Court rejected Joseph's *Brady* claim, which was principally based on the delayed disclosure of a grant of immunity that had been given to William Forest, a key witness for the prosecution. *Joseph II*, 653 N.E.2d at 292-93. If Joseph were now bringing the same *Brady* claim, i.e., one premised on the same

suppressed evidence, then it would be a "claim that was adjudicated on the merits in State court proceedings," and we would review the state court's decision only for whether it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). However, Joseph's current *Brady* claim is not the same as the one he brought before the state courts: he now relies on a different mix of suppressed evidence that includes some items discovered only during federal habeas proceedings. Thus, Joseph argues, his *Brady* claim was not "adjudicated on the merits in State court proceedings," and AEDPA's strict standard of review does not apply. We agree. In *Williams v. Coyle*, 260 F.3d 684 (6th Cir. 2001), cert. denied, 536 U.S. 947, 122 S. Ct. 2635, 153 L. Ed. 2d 816 (2002), we reviewed a *Brady* claim based on evidence disclosed during federal habeas proceedings "under pre-AEDPA standards because no state court reviewed the merits of that claim." Id. at 706; see also *Monroe v. Angelone*, 323 F.3d 286, 297-98 (4th Cir. 2003) (collecting cases); *Holland v. Jackson*, 542 U.S. 649, 653, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (noting that "[w]here new evidence is admitted, some Courts of Appeals have conducted de novo review on the theory that there is no relevant state-court determination to which one could defer" and "[a]ssuming . . . that this analysis is correct and that it applies where . . . the evidence does not support a new claim but merely buttresses a previously rejected one"). Because AEDPA's standard of review does not apply here, we review the district court's factual findings for clear error, while whether a *Brady* violation occurred is a mixed question of law and fact that we review de novo. *Williams,* 260 F.3d at 706.

*Id*. at 469.

Joseph does not stand for the proposition for which it is cited. The holding in *Joseph* on the *Brady* issue is that **if** there are *Brady* claims on which the state courts have not ruled on the merits, the federal courts do not apply the AEDPA deferential review standard. The *Joseph* opinion does not speak to the question whether the *Brady* claims based on federally-discovered evidence were properly decided without remand to the state courts, especially where, as here, the State has not waived the exhaustion requirement. It only holds that *Brady* claims not decided by the state courts get *de novo* rather than deferential review.

-2-

The Motion to Reconsider should be denied.


February 2, 2007.

                                        s/ Michael R. Merz
                                Chief United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS

          Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).