IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES ETHAN MILLS,

        : 

    Petitioner,                              Case No. 1:96-cv-423

        :        District Judge Susan J. Dlott
  -vs-                                       Chief Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

        : 

    Respondent.

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS
ON MOTION FOR RECONSIDERATION**

       This matter is before the Court on Petitioner James Ethan Mills' Objections (Doc. No. 169) to the Report and Recommendations (Doc. No. 168) on Petitioner's Motion for Reconsideration (Doc. No. 166) of the Order (Doc. No. 158) requiring him to return to the state court to exhaust a *Brady* claim based upon evidence discovered in the course of these habeas corpus proceedings. The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

       Mills insists that because the petitioner in the recent Sixth Circuit case of *Joseph v. Coyle*, 469 F.3d 441 (6th Cir. 2006), was not required return to state court to exhaust his *Brady* claim – which also involved evidence discovered during federal habeas corpus proceedings -- neither should he be required to do so. For the following reasons, Mills' objection should be overruled.

       At first blush, Mills' and Joseph's *Brady* claims seem similar enough to create in the reader an expectation that the answer to the procedural question of whether the petitioner must return to state court to exhaust the claim might be the same in both cases. Both raised *Brady* claims in the state courts, and both became aware of new evidence in the course of their federal habeas corpus

1

proceedings. There the similarities end, however.

In *Joseph*, the Sixth Circuit does not discuss exhaustion as an issue relating to the petitioner's *Brady* claim. 469 F.3d at 469-73. Rather, the court identifies six items of evidence that are the subject of Joseph's *Brady* claim. *Id*. at 470-72. The court found that the three strongest evidentiary items, and therefore the most useful insofar as the *Brady* claim was concerned, had actually been disclosed to the defense during Joseph's trial. *Id*. at 470-72. One item was disclosed during the habeas proceedings, but the court found that it contained no information favorable to Joseph. *Id*. at 471. The remaining two items, which also were not disclosed to the defense until the federal habeas corpus proceedings, were found by the court to be "only weakly impeaching, and the court concluded that they would have added little" to the defense's ability to impeach a prosecution witness. *Id*. at 473.

In contrast, Mills has submitted many more items of evidence that the parties agree were first disclosed to his defense counsel in these proceedings. (*See* Doc. No. 131, 132.) Furthermore, those items of evidence cannot be described as "only weakly" supportive of Mills' *Brady* claim. Indeed, the very reason Mills must return to the state courts to litigate his *Brady* claim is because this Court has found that the newly discovered[1] evidence "fundamentally alter[ed] the legal claim already considered by the state courts." *Vasquez v.Hillery*, 474 U.S. 254, 260 (1986). In other words, if it were clear that Mills' *Brady* claim was meritless, as the Sixth Circuit found was the case in *Joseph*, then this Court could recommend denial of the claim in spite of its unexhausted condition. *See* 28 U.S.C. § 2254(b)(2). This Court could, in fact, deny the claim without ever mentioning the exhaustion requirement, as did the court in *Joseph*. Mills' *Brady* claim, however, at least appears to be stronger than Joseph's, and although that is surely favorable to Mills, it does require a return

---

[1] The Court uses the term expansively, since the evidence was discovered sometime prior to January 23, 2003, when this Court first recommended that Mills return to the state court to exhaust his *Brady* claim.

to the state courts to exhaust the claim, as this Court has said for more than four years now. (Doc. Nos. 131, 132, 137, 143, 150, 158, 168.)

Mills' observation that the Sixth Circuit cited *Holland v. Jackson*, 542 U.S. 649 (2004), and *Monroe v. Angelone*, 323 F.3d 286 (4th Cir. 2003), in its *Joseph* decision does not cause this Court to retreat from its previous explanations of why those cases are inapposite here. (Doc. No. 150 at 4-6.)

Finally, Mills' objection is identical to his motion for reconsideration, except for one sentence bringing the procedural history up to date to reflect filing of the motion for reconsideration and the Court's recommendation that the motion be denied, and three paragraphs amounting to less than a page of text, urging the Court to reject the Report and Recommendations on the motion for reconsideration. Mills' objection fails to convince the Court that its analysis "missed the obvious premise" of *Joseph* (Doc. No. 169 at 3), or that Mills' motion for reconsideration should be granted.

Accordingly, Mills' objection should be overruled and the Motion for Reconsideration denied.

February 22, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make

objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).