IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| James Ethan Mills, | : | |
| | : | Case No. 1:96-CV-423 |
| Petitioner, | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER ADOPTING REPORTS AND |
| Betty Mitchell, | : | RECOMMENDATIONS AND DENYING |
| | : | MOTION FOR RECONSIDERATION |
| | : | |
| Respondent. | : | |

This Matter is before the Court on the following documents:

• Petitioner James Ethan Mills' Motion for Reconsideration of the Order Requiring Him to Return to State Court to Exhaust Claims Based on Brady Evidence First Found During Federal Habeas Discovery (doc. 166);

• Respondent's Memorandum in Opposition thereto (doc. 167);

• Chief Magistrate Judge Michael R. Merz's Report and Recommendations on Motion for Reconsideration (doc. 168);

• Petitioner's Objection to the Report and Recommendation (doc. 169);

• Chief Magistrate Judge's Supplemental Report and Recommendations on Motion for Reconsideration (doc. 170);

• Petitioner Mills' Objection to Supplemental Report and Recommendation (doc. 171); and

• Respondent's Memorandum in Response to Mills' Objections (doc. 172).

These documents all arise from and concern the Court's January 6, 2006 Order (doc. 158) in which the Court adopted the Chief Magistrate Judge's recommendation that Mills' Amended Petition (doc. 90) be stayed and held in abeyance until Mills exhausts his Brady claims relating to newly discovered evidence in the Ohio courts.

1

In his filings, Petitioner Mills requests the Court to rescind its January 6, 2006 Order requiring state exhaustion of the Brady claims in light of the Sixth Circuit decision in Joseph v. Coyle, 469 F.3d 441 (6th Cir. 2006), issued after the Order.  In the Joseph case, similar as to what occurred here, the petitioner raised a Brady claim in the state courts, but then discovered new Brady material during the course of the federal habeas proceedings.  469 F.3d at 469.  The Sixth Circuit determined that it would review the newly-discovered Brady material claim on the merits by examining the district court's factual findings for clear error and the mixed questions of law and fact on a *de novo* basis.  Id.  Neither the district court nor the Sixth Circuit required the petitioner to exhaust his claim based on the newly-discovered Brady evidence in state court.  Petitioner Mills contends that because the Sixth Circuit reviewed the newly-discovered Brady material claim on the merits in Joseph, this Court erred when it held the instant case in abeyance until Petitioner could exhaust his Brady claim in the Ohio courts.  Petitioner Mills further contends that requiring exhaustion at this late date rewards the state actors for allegedly violating his constitutional rights by withholding evidence.

Chief Magistrate Judge Merz rejected Petitioner Mills' interpretation of Joseph and its applicability to this case in his well-reasoned Report and Recommendations and Supplemental Report and Recommendations.  Primarily, the Sixth Circuit does not discuss exhaustion as an issue related to the Brady claim in Joseph.  469 F.3d at 469-73.  Instead, the Sixth Circuit identified the proper standard of review to apply to Brady claims which had not been exhausted, and then proceeded to determine that the newly-discovered evidence at issue was "only weakly impeaching" and "would have added little to the impeachment" of the witness about whom the newly-discovered evidence concerned.  The Sixth Circuit was able to speedily dismiss of the

unexhausted Brady claim due to its meritless nature.  See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

Here, the Respondent has not waived the exhaustion requirement.  28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.")  Moreover, the Court has not found that Petitioner Mills' Brady claim is patently meritless.  These factors distinguish this case from Joseph and require Petitioner Mills to exhaust his newly-discovered Brady material claim in the Ohio courts as the Court previously ordered.

For all these reasons, the Court **ADOPTS** the Report and Recommendations (doc. 168) and the Supplemental Report and Recommendations (doc. 170), and **DENIES** the Motion for Reconsideration (doc. 166).

IT IS SO ORDERED.


    s/Susan J. Dlott
Susan J. Dlott
United States District Judge

.

3